LONG and another, Appellants, v. MILWAUKEE & SUBURBAN TRANSPORT CORPORATION and another, Respondents.

*No. 409. Argued March 4, 1975.—Decided March 28, 1975.*
(Also reported in 227 N. W. 2d 67.)

For the appellants there was a brief and oral argument by *S. A. Schapiro* of Milwaukee.

For the respondents there was a brief by *Kivett & Kasdorf,* attorneys, and *Russell M. Ware* of counsel, all of Milwaukee, and oral argument by *Mr. Ware.*

BEILFUSS, J. The parties agree that the notes or memoranda involved here are lawyer's work product and are shielded from discovery in the first instance. Such a conclusion is inescapable in light of this court's decision in *State ex rel. Dudek v. Circuit Court* (1967), 34 Wis. 2d 559, 589, 150 N. W. 2d 387:

". . . we conclude that a lawyer's work product consists of the information he has assembled and the mental impressions, the legal theories and strategies that he has pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, mental impressions, personal beliefs, and other tangible or intangible means.

"This broad definition of lawyer's work product requires that most materials, information, mental impressions and strategies collected and adopted by a lawyer after retainer in preparation of litigation and relevant to the possible issues be initially classified as work product of the lawyer and not subject to inspection or discovery unless good cause for discovery is shown."

The defendants-respondents argue, however, that for two reasons the initial protection extended such material had disappeared by the time the trial court ordered production.

Considering the respondents' contentions in reverse order, one of the arguments is that they have made an

adequate showing of "good cause" to entitle them to discovery. In order to demonstrate such good cause, *Dudek, supra,* page 591, requires the party seeking discovery "to make an adequate showing that the information contained in the work product is unavailable from other sources and that a denial of discovery would prejudice the movant's preparation for trial."

The defendants-respondents contend that the element of unavailability is satisfied by the fact that the witness, Davis, spoke to the plaintiffs' attorney "right after" the accident, but the defendants did not have a chance to question him until after the action was commenced, almost three years later.[1] The respondents cite an abundance of federal decisions as authority for the proposition that the contemporaneity of material sought to be discovered, and the other party's lack of opportunity to obtain such material until a substantial time later, classifies the sought-after material as "unavailable" for discovery purposes. The basic rationale of these cases is that, with respect to statements of witnesses, the likelihood that memories will have faded between the time of the contemporaneous statement and the time that examination by the party seeking discovery becomes possible makes such material in fact unavailable to the adverse party.

While most of the cases cited by the respondents deal only with the unavailability of the information for purposes of discovery under Federal Rule of Civil Procedure 34,[2] 28 USCA, there is authority for the proposition that

---

[1] At oral argument the plaintiffs-appellants' counsel stated, without challenge by the respondents, that a notice of retainer was served upon the defendants-respondents within six weeks of the day the accident was alleged to have occurred.

[2] *Southern Ry. Co. v. Lanham* (5th Cir. 1968), 403 Fed. 2d 119, rehearing denied (1969); *Guilford Nat. Bank of Greensboro v. Southern Ry. Co.* (4th Cir. 1962), 297 Fed. 2d 921; *Johnson v.*

such a showing satisfies the unavailability requirement of the lawyer's work-product exception as well.[3] However, in view of the fact that it stands unchallenged that a notice of retainer was served within a few weeks after the accident, the unavailability argument loses a great deal of its force. A diligent investigation, in all probability, would have revealed Davis as a witness.

A more serious problem exists with respect to the nature of the materials sought to be discovered. The order requires production of "all notes, or memoranda made by plaintiffs' counsel with regard to conversations with Marvin Davis." It is impossible to establish from the record whether this material is a mere summary of Davis' statement to plaintiffs' counsel or whether it includes the thought and strategies of the attorney, such as subjective evaluations of the credibility of the witness and the value of his testimony.

With respect to statements of prospective witnesses, this court held in *Dudek, supra,* at page 594:

"Statements an attorney takes from nonparty witnesses in preparation for litigation would qualify as protected work product under every rationale for the work-product rule. The question then is what constitutes good cause for discovery. Generally, if a witness is

*Ford* (D. C. Colo. 1964), 35 F. R. D. 347; *Brown v. New York, New Haven & Hartford R. Co.* (D. C. N. Y. 1955), 17 F. R. D. 324.

As stated in *Lanham, supra,* page 126: ". . . It seems equally clear that the demonstration of 'good cause,' required in all cases for the production of materials under Rule 34, need not be as great as the showing of 'necessity or justification' required to overcome the qualified immunity from discovery conferred upon the 'work product of an attorney' under *Hickman v. Taylor,* 1947, 329 U. S. 495, 67 S. Ct. 385, 91 L. Ed. 451."

[3] *Harper & Row Publishers, Inc. v. Decker* (7th Cir. 1970), 423 Fed. 2d 487, affirmed (1971), 400 U. S. 348, 91 Sup. Ct. 479, 27 L. Ed. 2d 433; *Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.* (D. C. Ill. 1962), 211 Fed. Supp. 736; 8 Wright & Miller, *Federal Practice and Procedure: Civil,* pp. 220–224, sec. 2025.

available to the party seeking discovery of his statement to opposing counsel, such discovery should not be allowed. However, if the seeker of discovery can show he has made a diligent search for the witness, discovery may be permitted of the statement of a witness who is dead, hostile, out of the jurisdiction or of unknown whereabouts. The court may also consider pecuniary hardship of requiring independent investigation by an impecunious party. There should be some positive showing that nonproduction would prejudice preparation for trial. All these factors, and others as they may appear, should be considered by the trial court within its sound discretion. . . ."

But as to an attorney's memoranda, the court stated at pages 602, 603:

". . . In addition, the subpoena *duces tecum* would require Mr. Dudek to produce all 'notations' and 'memoranda' which he has made with reference to the controversy. . . .

"These matters are the type most strongly protected by the work-product rule. Indeed, if we view as a spectrum the different kinds of materials protected initially by the rule and as a similar spectrum what is good cause for discovery, these materials would be situated at the most heavily protected end of each spectrum. This is because they are so closely representative of the very policy reasons for the work-product rule. The knowledge and legal opinions of Mr. Dudek are not only reflective of this attorney's mental processes, they *are* his mental processes. His personal notations of such processes are but one step removed. Moreover, the areas an attorney should be most encouraged to cultivate are those of his personal knowledge and legal theories of the case. Diligence in such cultivation is hardly encouraged by a practice which allows a lawyer to be wrung of facts and ideas. Based upon these principles, the court in *Hickman* [*Hickman v. Taylor* (1947), 329 U. S. 495, 67 Sup. Ct. 385, 91 L. Ed. 451] would give almost absolute privilege to this part of a lawyer's work product, at page 512:

" 'But as to oral statements made by witnesses to Fortenbaugh, whether presently in the form of his mental impressions or memoranda, we do not believe that any

showing of necessity can be made under the circumstances of this case so as to justify production. Under ordinary conditions, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrustworthiness. No legitimate purpose is served by such production. The practice forces the attorney to testify as to what he remembers or what he saw fit to write down regarding witnesses' remarks. Such testimony could not qualify as evidence; and to use it for impeachment or corroborative purposes would make the attorney much less an officer of the court and much more an ordinary witness. The standards of the profession would thereby suffer.' "

The foregoing clearly indicates that a forced disclosure of an attorney's memorandum used for investigation or trial preparation is prohibited except upon a strong showing of exceptional circumstances.

The respondents' next contention is based on our decision in *Shaw v. Wuttke* (1965), 28 Wis. 2d 448, 137 N. W. 2d 649, where the court stated at page 456, with respect to a signed written statement:

". . . We hold the immunity of the attorney's work product in respect to a written statement ceases to exist when the person making the statement is placed on the stand as a witness at the trial. By becoming a witness the person subjects himself to the risks of impeachment and the attorney has had the benefit of his work product."

The respondents argue that although the witness here has not technically taken the stand, for all practical purposes he has since he will be unavailable at the time of trial and his response to the interrogatories will be his only "testimony." They suggest that since they will be unable to cross-examine Davis at the trial, they should be allowed to use the work product now for the purpose of formulating further interrogatories to be sent to Missouri.

This argument is fatally defective in two significant respects. First of all, the *Shaw Case* involved signed written statements. This case involves only an attorney's memoranda.

Secondly, and more importantly, *Shaw* provides that the work-product exception as to statements ceases to exist at trial because "the attorney has had the benefit of his work product." Here, although the witness may be on the stand as far as the respondents are concerned, the trial, which has not yet begun, has certainly not reached a point where it can be said that "the attorney has had the benefit of his work product." The appellants' attorney may yet choose to settle the case, or to not even call Davis as a witness. Under such circumstances he should not be required to sacrifice his work-product privilege.

We conclude the defendants-respondents have not made a sufficient showing to require the plaintiffs-appellants' attorney to disclose his work product—in this case a memorandum of a statement of a prospective witness.

*By the Court.*—Order reversed and order to show cause dismissed.